## UNITED STATES v. SIEPP.
### Civil Action No. 2727–PH.

District Court, S. D. California,
Central Division.

June 13, 1944.

Charles H. Carr, U. S. Atty., successor to Leo V. Silverstein and John Marvin Dean, Asst. U. S. Atty., all of Los Angeles, Cal., for plaintiff.

Nadia Williams, of Glendale, Cal., for defendant.

A. L. Wirin and Nathan Newby, both of Los Angeles, Cal., amici curiae, by appointment of the Court.

HALL, District Judge.

The complaint in this case, with individualized dates, follows the allegations of the complaints in the companion cases. United States v. Korner, D.C., 56 F.Supp. 242, and United States v. Kusche, D. C., 56 F. Supp. 201, this day decided.

The date of defendant's naturalization, April 11, 1941, was however subsequent to the adoption of the Nationality Code of 1940, 8 U.S.C.A. § 501 et seq., and subjects him to its terms, instead of the law as it previously existed as with the other Bund cases.

■ The 1940 Act did not carry over into the re-enactment of the law the provisions of the previous Acts (in effect since 1795) as to the "behavior" of the applicant for the previous five year period. Instead it makes the *fact* of his attachment the criterion, instead of his *behavior "as a person attached"* to the principles of the Constitution. No point was made of this either in the briefs or on the arguments. But attachment is a mental attitude, and behavior is only evidence of that mental attitude, that is, it is evidence of the fact of attachment. Thus under the previous law, if the required witnesses proved that a petitioner had behaved as one attached for the requisite period, it was accepted as proof of the (fact of attachment. "Congress regarded the *fact* of good character and the *fact* of attachment to the principles of the Constitution as matters of the first importance. The applicant's behavior is significant to the extent that it tends to establish or negative these facts." United States v. Macintosh, 1931, 283 U.S. 605 at page 616, 51 S.Ct. 570, at page 572, 75 L.Ed. 1302; and see also Schneiderman v. United States, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796.

Under the 1940 Act the proof of one's attachment is required to be made in the same manner as in the previous laws, viz., by the "oral testimony of * * * two credible witnesses, citizens of the United States,"

8 U.S.C.A. § 709(b). That being so, the mental attitude of attachment or lack of it can only be shown by an applicant's behavior, as the behavior and conduct of the applicant is the only index which the two witnesses have of the applicant's mental state. Hence there is no change in meaning which warrants any different conclusion in this case than in the Korner and Kusche cases and a copy of the memorandum in each of those cases is attached hereto and adopted as if herein again repeated.

Accordingly, it is held that the complaint herein does not state facts sufficient to state a cause of action.

The motion to strike all of the evidence is granted.

The objection to the introduction of any evidence is sustained and,

It is ordered, adjudged, and decreed that the within action be and is hereby dismissed.